UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,
a Delaware corporation,

      Plaintiff,

vs.                                      CASE NO. _____

BENZER PHARMACY HOLDING LLC,
a Florida limited liability company;
BERKLEY PHARMACY, LLC,
a Michigan limited liability company;
MANISH PATEL, individually, and
KHUSHBOO PARIKH, individually,

      Defendants.
_____/

**COMPLAINT**

      Plaintiff, McKesson Corporation, a Delaware corporation ("McKesson" or "Plaintiff"), by its undersigned attorneys, brings this complaint against Defendants, BENZER PHARMACY HOLDING LLC, a Florida limited liability company; BERKLEY PHARMACY, LLC, a Michigan limited liability company ("Berkley"); MANISH PATEL, individually; and KHUSHBOO PARIKH, individually, and says:

**JURISDICTION AND VENUE**

      1.    This is an action in diversity for damages that exceed $75,000, exclusive of interests, costs and attorneys' fees and costs.

      2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs and the dispute is between citizens of different states.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) in the U.S. District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Middle District and that there is no district in which an action may otherwise be brought and multiple defendants are subject to personal jurisdiction before this Court.

**PARTIES**

4. McKesson Corporation is a Delaware corporation with its principal place of business in the State of Texas.

5. Defendant BENZER PHARMACY HOLDING LLC is a Florida limited liability company.  On information and belief, the members of BENZER PHARMACY HOLDING LLC are a combination of the following individuals: i) Alpesh Patel; ii) Manish Patel; iii) Hema Patel; iv) Padmaja Patel; v) Hardikkumar C. Patel; vi) Chetna D. Patel; or vii) Siddharth V. Patel and each of the foregoing individual members are citizens of the State of Florida or State of Michigan for diversity purposes.

6. Defendant BERKLEY PHARMACY, LLC is a Michigan limited liability company.  On information and belief, the members of Berkley Pharmacy, LLC are a combination of the following individuals: i) Alpesh Patel; ii) Manish Patel; iii) Hema Patel; iv) Padmaja Patel; v) Hardikkumar C. Patel; vi) Chetna D. Patel; vii) Siddharth V. Patel; or viii) Benzer Pharmacy Holding LLC and each of the foregoing individual members, and with respect the Benzer Pharmacy Holding, LLC, its members are, citizens of the State of Florida or State of Michigan for diversity purposes.

7. Defendant ALPESH PATEL is a natural person domiciled in Florida and is, and was at all times material hereto, *sui juris*.

8. Defendant Khushboo Parikh is a natural person domiciled in Michigan and is, and was at all times material hereto, *sui juris*.

## BACKGROUND FACTS

9. Benzer Pharmacy Holding LLC, is located Tampa, Florida, and, together with its subsidiaries and affiliates, which include Berkley, operates an independent pharmacy chain.

10. Through this network, Benzer Pharmacy Holding LLC and its affiliates and subsidiaries sell prescription and over-the-counter drugs and medical products in both physical pharmacies and through online refill services.

11. Benzer Pharmacy Holding LLC arranges for the acquisition of prescription drugs and plasma products from various distributors for the pharmacy network.

12. Benzer Pharmacy Holding LLC and its affiliates, including Berkley, entered into business arrangements with McKesson to obtain prescription drugs and plasma products for its pharmacy network and affiliates.

13. In addition, as part of facilitating the supply of prescription drugs and plasma products for the pharmacy network participants, which include Berkley, Benzer Pharmacy Holding LLC provided assurances of payment to the prescription drug distributors, guarantying the payment of its affiliates and subsidiaries obligations for prescription drugs and plasma products for its pharmacy network participants.

14. On or about May 2, 2010, Berkley executed and delivered a Customer Application to McKesson whereby Berkley requested that McKesson establish accounts for Berkely and whereby Berkley agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and costs associated with the collection of any amounts owed by Berkley to

3

McKesson (the "Berkley Customer Application"). A copy of the Berkley Customer Application is annexed hereto as **Exhibit A**.

15. Pursuant to the Berkley Customer Application, Berkley established two accounts with McKesson to purchase products (the "First Trade Account") and (the "Second Trade Account").

16. In conjunction with the business arrangement between Berkley and McKesson, on or about July 3, 2019, Benzer Pharmacy Holding LLC executed and delivered to McKesson a Guaranty through which Benzer Pharmacy Holding LLC guaranteed the unconditional repayment of the obligations to McKesson for affiliated entities, including Berkley (the "Benzer Blanket Guaranty"). A true and correct copy of the Benzer Blanket Guaranty is attached hereto as **Exhibit B.**

17. From the opening of Berkley's accounts with McKesson until approximately November 15, 2019, Berkley purchased certain goods from McKesson on its accounts, the First Trade Account and the Second Trade Account.

18. Upon the shipment of goods purchased by Berkley, McKesson rendered to Berkley invoices setting forth the details of the purchase together with the total sum owed to McKesson for the purchase, which amounts continue to accrue charges by virtue of their past due status. The invoices are voluminous and contain confidential information. McKesson believes the invoices and other evidence of the purchase of products by Berkley are either in the possession of all parties to this lawsuit or available to those parties. If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

19. McKesson further rendered to Berkley an account statement for the First Trade totaling the sum of $81,070.50 plus interest and charges that continue to accrue. A copy of the August 22, 2020 account statement for First Trade Account is annexed hereto as **Exhibit C**.

20. McKesson further rendered to Berkley an account statement for the Second Trade Account totaling the sum of $81,497.25, plus interest and charges that continue to accrue. A copy of the August 22, 2020 account statement for the Second Trade Account is annexed hereto as **Exhibit D.**

21. Berkley defaulted under the terms of the Berkley Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Berkley's contractual obligation to McKesson.

22. On or about December 3, 2019, McKesson made demand upon Berkley through Berkley's agent, Benzer Pharmacy Holding LLC, for payment of the amounts due from Berkley to McKesson arising from both accounts. A copy of the demand letter is annexed hereto as **Exhibit E**.

23. Although demand has been made upon Berkley for payment of amounts due to McKesson, Berkley has failed and refused to pay the same.

24. As a result of Berkley's default upon the terms of its account agreement with McKesson, Berkely owes McKesson $81,070.50 upon the First Trade Account plus $81,497.25 upon the Second Trade Account, for a total of $162,567.75, together with interest, attorneys' fees and other costs and expenses incurred in this action.

### Count I
### (Breach of Agreement-Berkley)

25. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

26. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

27. Because of Berkley's default on its obligations arising from the Berkley Customer Application, it has become necessary for McKesson to collect the balance due arising from the Berkley Customer Application through its undersigned attorneys.

28. McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

29. Pursuant to the terms of the Berkley Customer Application, McKesson is entitled to be reimbursed by Berkley for such attorneys' fees for their services plus all costs incurred in this action.

30. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Berkley Pharmacy, LLC, Inc. in the sum of $162,567.75, plus interest, late charges, and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

### Count II
### (Open Account-Berkley)

31. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

32. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

33. Before the institution of this action, McKesson and Berkley had business transactions between them through approximately November 15, 2019.

6

34. Berkley owes McKesson the sum of $162,567.75 for goods sold and delivered by McKesson to Berkley pursuant to the invoices, which total sum remains unpaid, plus interest. The invoices are voluminous and contain confidential information. McKesson believes the invoices and other evidence of the purchase of products by Berkley are either in the possession of all parties to this lawsuit or available to those parties. If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

35. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Berkley Pharmacy, LLC in the sum of $162,567.75, plus interest and costs.

## Count III
### (Account Stated –Berkley First Trade Account)

36. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

37. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

38. Before the institution of this action, McKesson and Berkley had business transactions between them upon First Trade Account through approximately November 15, 2019.

39. McKesson rendered an account statement upon First Trade Account to Berkley and Berkley did not object to the account statements. Berkley did thereupon acquiesce in and agree thereto as an account stated.

40. Berkley owes McKesson $81,070.50 upon the First Trade Account, together with interest and other costs and expenses incurred in this action.

41. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Berkley Pharmacy, LLC in the sum of $81,070.50, plus interest and costs.

## Count IV
### (Account Stated – Berkley Second Trade Account)

42. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

43. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

44. Before the institution of this action, McKesson and Berkley had business transactions between them upon Second Trade Account through approximately November 14, 2019.

45. McKesson rendered an account statement upon Second Trade Account to Berkely and Berkley did not object to the account statements. Berkley did thereupon acquiesce in and agree thereto as an account stated.

46. Berkley owes McKesson $81,497.25 upon the Second Trade Account, together with interest and other costs and expenses incurred in this action.

47. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Berkley Pharmacy, LLC in the sum of $81,497.50, plus interest and costs.

## Count V
### (Goods Sold-Berkley)

48. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

49. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

50. Before the institution of this action, McKesson and Berkley had business transactions between them arising through approximately November 15, 2019.

51. Berkley owes McKesson the sum of $162,567.75, plus interest that continues to accrue on its various purchases of goods from McKesson, which McKesson sold and delivered to Berkley in accordance with the invoices and account statements.

52. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Berkley Pharmacy, LLC in the sum of $162,567.75, plus interest and costs.

## Count VI
### (Breach of Benzer Blanket Guaranty – Benzer Pharmacy Holding LLC)

53. This is an action for breach of a guaranty, the damages for which exceed $75,000.00, exclusive of interest, costs and attorneys' fees.

54. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

55. Pursuant to the terms of the Benzer Blanket Guaranty, Benzer Pharmacy Holding LLC unconditionally guaranteed timely payment and performance of obligations of the affiliates listed on the Benzer Blanket Guaranty, including Berkley, to McKesson.

56. Benzer Pharmacy Holding LLC has not revoked the Benzer Blanket Guaranty.

57. By virtue of its execution of the Benzer Blanket Guaranty, Benzer Pharmacy Holding LLC became liable for the obligations of Berkley to McKesson.

58. Berkley defaulted under the terms of the Berkley Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Berkley's contractual obligation to McKesson.

59. Because of the default of Berkley, on December 3, 2019, McKesson demanded payment from Benzer Pharmacy Holding LLC of such amounts arising from its guaranty of the obligation of Berkley. A true and correct copy of the demand letter is annexed hereto as **Exhibit E**.

60. Although demand has been made, Benzer Pharmacy Holding LLC has failed and refused to pay the amounts due to McKesson pursuant to the Benzer Blanket Guaranty, as a guarantor of the Berkley's obligation.

61. As of August 21, 2020, Berkley owes McKesson $162,567.75, in principal, together with interest, late charges, attorneys' fees and other costs and expenses that continue to accrue.

62. Because of Benzer Pharmacy Holding LLC's default on its obligations arising from the Benzer Blanket Guaranty, it has become necessary for McKesson to collect the balance due arising from Benzer Blanket Guaranty through its attorneys, and McKesson has agreed to pay its attorneys a reasonable fee for their services herein.

63. Pursuant to the terms of the Benzer Blanket Guaranty and the Berkley Customer Application, McKesson is entitled to be reimbursed by Defendant Benzer Pharmacy Holding LLC for such attorneys' fees for their services plus all costs incurred in this action.

123430631.1

64. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Defendant Benzer Pharmacy Holding LLC in the sum of $162,567.75, in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

**Count VII**
**(Breach of Guaranty – Khushboo Parikh)**

65. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

66. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

67. In conjunction with the execution of the Berkley Customer Application, Khushboo Parikh executed an unconditional, continuing guaranty of Berkley's obligation to McKesson (the "Khushboo Parikh Guaranty"). A copy of the Khushboo Parikh Guaranty is annexed hereto as **Exhibit F**.

68. Pursuant to the terms of the Khushboo Parikh Guaranty, Khushboo Parikh unconditionally guaranteed timely payment and performance of Berkley's obligations to McKesson.

69. Khushboo Parikh has not revoked the Khushboo Parikh Guaranty.

70. By virtue of his execution of the Khushboo Parikh Guaranty, Khushboo Parikh is liable became liable for the obligations of Berkley to McKesson.

11

71.     Berkley defaulted under the terms of the Berkley Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Berkley's contractual obligation to McKesson.

72.     Because of the default of Berkley, on February 11, 2020, McKesson demanded payment from Khushboo Parikh of such amounts arising from his guaranty of the obligation of Berkley.  A true and correct copy of the demand letter is annexed hereto as **Exhibit G**.

73.     Although demand has been made, Khushboo Parikh has failed and refused to pay the amounts due to McKesson pursuant to the Berkley Customer Application, as a guarantor of Berkley's obligation.

74.     Because of Berkley and Khushboo Parikh's default on their obligations arising from the Berkley Customer Application and Khushboo Parikh Guaranty, it has become necessary for McKesson to collect the balance due arising from the Berkley Customer Application and Khushboo Parikh Guaranty through its attorneys.

75.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

76.     Pursuant to the terms of the Berkley Customer Application and Khushboo Parikh Guaranty, McKesson is entitled to be reimbursed by Khushboo Parikh for such attorneys' fees for their services plus all costs incurred in this action.

77.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Khushboo Parikh in the sum of $162,567.75 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count VIII
### (Breach of Guaranty – Manish Patel)

78. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

79. The allegations set forth in paragraphs 1 through 24 are realleged as if fully set forth in this Count.

80. In conjunction with the execution of the Berkley Customer Application, Manish Patel executed an unconditional, continuing guaranty of Berkley's obligation to McKesson (the "Manish Patel Guaranty"). A copy of the Manish Patel Guaranty is annexed hereto as **Exhibit F**.

81. Pursuant to the terms of the Manish Patel Guaranty, Manish Patel unconditionally guaranteed timely payment and performance of Berkley's obligations to McKesson.

82. Manish Patel has not revoked the Manish Patel Guaranty.

83. By virtue of his execution of the Manish Patel Guaranty, Manish Patel became liable for the obligations of Berkley to McKesson.

84. Berkley defaulted under the terms of the Berkley Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Berkley's contractual obligation to McKesson.

85. Because of the default of Berkley, on December 3, 2019, McKesson demanded payment from Manish Patel of such amounts arising from his guaranty of the obligation of Berkley. A true and correct copy of the demand letter is annexed hereto as **Exhibit E**.

123430631.1

86. Although demand has been made, Manish Patel has failed and refused to pay the amounts due to McKesson pursuant to the Berkley Customer Application, as a guarantor of Berkley's obligation.

87. Because of Berkley and Manish Patel's default on their obligations arising from the Berkley Customer Application and Manish Patel Guaranty, it has become necessary for McKesson to collect the balance due arising from the Berkley Customer Application and Manish Patel Guaranty through its undersigned attorneys.

88. McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

89. Pursuant to the terms of the Berkley Customer Application and Manish Patel Guaranty, McKesson is entitled to be reimbursed by Manish Patel for such fees for their services plus all costs incurred in this action.

90. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Manish Patel in the sum of $162,567.75 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

*/s/ Kathleen S. McLeroy*
Kathleen S. McLeroy
Florida Bar No. 856819
Primary email: kmcleroy@carltonfields.com
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601-3239
Telephone: 813.223.7000
Facsimile: 813.229.4133
*Attorneys for Plaintiff*